UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCISCO ALBA

                Plaintiff

  -against-

INTEGRITY FINANCIAL PARTNERS, INC.

                Defendant.
------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff FRANCISCO ALBA ("Plaintiff"), by and through their attorneys, Law Offices of Allison Polesky, P.C., as and for its Complaint against the Defendant INTEGRITY FINANCIAL PARTNERS, INC. ("IFP") hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA).

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 1255 Stratford Ave Apt A8 Bronx, NY 10472.

3. Defendant IFP is a Kansas corporation with its principal place of business located at 4370 W. 109th Street, Suite 100, Overland Park, KS 66211.

4. IFP is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to the Defendant, Chase Bank N.A. ("Chase") retained the Defendant to begin collecting an alleged consumer debt from the Plaintiff.

9. On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged consumer debt from the Plaintiff by sending a collection letter dated July 20, 2010 ("Letter").

10. The Defendant's July Letter to the Plaintiff demands a balance due of $465.94.

11. In response to the July Letter the Plaintiff telephoned the Defendant's office on September 15, 2010 and spoke with a male debt collector at Defendant IFP who did not identify himself by name.

12. The Defendant failed to give the Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 USC §1692e(11).

13. The Defendant further violated 15 USC §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 USC §1692e(11).

14. During the conversation the Plaintiff asked the Defendant to explain the balance allegedly owed to Chase since the Plaintiff did not understand why Chase was charging him $465.94, why Chase was having the Defendant contact him, and where the balance allegedly due to the Defendant came from.

15. The Defendant refused to supply that information and rudely stated: "What do you mean, what is this? It's a bad account. You let your account go in the negative and you got penalties. What more is there to explain?"

16. The Plaintiff asked the Defendant again to give him a breakdown of the balance allegedly due.

17. The Defendant again refused to elaborate on what the fees represented and was unwilling to explain to the Plaintiff how the fees came to $465.94.

18. During the conversation the Plaintiff attempted to explain his confusion and position on the debt to the Defendant. The Defendant constantly and rudely interrupted the Plaintiff thereby not allowing him to explain his position or ask questions about the debt.

19. The Defendant was abusive, belligerent, and evasive in violation of §1692d-preface and §1692e-preface with each question the Plaintiff asked to the Defendant. The conversation was in part as follows:

> Plaintiff: "I see but can you give me a breakdown on the balance?"

Defendant: "I'm not gonna give you a breakdown. I'm not. You owe the money, Francisco. This is not customer service and we are not paid to give you a breakdown. Do you not have statements from Chase?"

Plaintiff: "All I have---"

Defendant: "Review your statements and then when you have the money to pay the account call me back."

Plaintiff: "OK---"

Defendant: "Do you understand?"

Plaintiff: "I understand"

Defendant: "Find your statement!"

Plaintiff: "Alright so look, I'm not refusing to pay. I just want to know---"

Defendant: "Then get your checkbook and pay the bill or get off my phone. One of the two."

20. The Defendant's refusal and subsequent failure to adequately explain the debt and the charges and fees associated to the Plaintiff violates 15 USC §1692e-preface, (2)(A) and (10) by a false representation of the character and amount of the debt.

21. The Defendant violated 15 USC §1692e – preface and (10) by using a deceptive and misleading means and representation when the Defendant's debt collector failed to identify himself to the Plaintiff by a name of any kind.

22. The Defendant violated 15 USC §1692e – preface and (10) when the Defendant told the Plaintiff "I'm not gonna give you a breakdown. I'm not. You owe the money, Francisco. This is not customer service and we are not paid to give you a breakdown" thereby misleading the Plaintiff into believing that he definitively owes the alleged debt without further

explanation to the Plaintiff, including the availability of other options and rights, which is deceptive and false.

23. The Defendant further violated 15 USC §1692e – preface and (10) by using a deceptive and misleading representation when the Defendant's debt collector demanded of the Plaintiff that he "get his checkbook and pay the bill or get off his (Defendant's) phone. One of the two" which implies that the Plaintiff does not have any options other than paying the debt or hanging up the phone despite the availability of other options including verifying and/or disputing the alleged debt.

24. The Defendant further violated §1692e-preface and (10) and §1692f by threatening and demanding the Plaintiff to pay the bill immediately during the phone conversation which served to unfairly deceive and mislead the Plaintiff into believing that paying right away or hanging up the phone were the only options.

25. The Defendant violated 15 USC §1692d – preface and (2) prohibiting conduct the natural consequence of which is to harass, oppress or abuse any person in the connection with the collection of a debt when the Defendant belligerently and rudely shouts at the Plaintiff "Do you understand? Find your statement. When you have the money you call me back" in response to the Plaintiff's request for information about the amount due on the alleged debt.

26. The Defendant further violated 15 USC §1692d – preface and (2) prohibiting conduct to harass, oppress or abuse any person in the connection with the collection of a debt when the Defendant belligerently shouts at the Plaintiff and demands that the Plaintiff "get your checkbook and pay the bill or get off my phone. One of the two" with the natural consequence of which is to verbally abuse the Plaintiff into paying the alleged debt.

27.     Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

28.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29.     Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a.     15 USC §1692d-preface, (2).

    b.     15 USC §1692e-preface, (2)(A), (10), (11).

    c.     15 USC §1692f-preface.

30.     As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

31.     Plaintiff demands a hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff FRANCISCO ALBA demands judgment from the Defendant INTEGRITY FINANCIAL PARTNERS, INC. as follows:

    A.     For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.     For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.     For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.     For attorneys' fees and costs provided and pursuant to 15 USC

§1692k(a)(3);

  E. A declaration that the Defendant's practices violated the FDCPA; and,

  F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff FRANCISCO ALBA hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:  New York, New York
    October 1, 2010

      Respectfully submitted,

      By: _____
      Allison D. Polesky, Esq. (5446)
      LAW OFFICES OF ALLISON POLESKY, P.C.
      511 Avenue of the Americas, Suite 712
      New York, New York 10011
      Phone: (866) 479-9500
      Facsimile: (866) 688-4300

      *Attorney for the Plaintiff FRANCISCO ALBA*

To: INTEGRITY FINANCIAL PARTNERS, INC.
   4370 W. 109th Street, Suite 100
   Overland Park, KS 66211
   *(Via Prescribed Service)*

   Clerk,
   United States District Court, Southern of New York
   *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CASE NO.:


FRANCISCO ALBA,

                                                 Plaintiff(s),

      -against-

INTEGRITY FINANCIAL PARTNERS, INC.               Defendant(s).

_____

**COMPLAINT**

_____

*LAW OFFICES OF ALLISON POLESKY, P.C.*
*511 Avenue of the Americas, Suite 712*
*New York, New York 10011*
*Phone:    (866) 479-9500*
*Facsimile: (866) 688-4300*

_____